GULF OIL CORPORATION, A CORPORATION OF THE STATE OF PENNSYLVANIA, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK AND THE BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, RESPONDENTS.

Argued October 7, 1941—Decided November 13, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Samuel Weitzman* and *J. Raymond Berry*.

For the respondent, *Raymond Schroeder* and *Philip J. Schotland*.

BODINE, J. "A constitution is that fundamental law of a state which contains the principles on which its government is founded and regulates the division and exercise of sovereign powers." 16 *C. J. S.* 20. In short, it is the framework of the government with certain checks thereon designed to secure the democratic process and freedom of action for minority groups.

The prosecutor seeks a permit to use the premises at 975-981 Broad Street, Newark, for the erection and operation of a super service station, lubritorium, auto laundry and motor clinic. A permit was denied and the writ brings up for review two questions: Was the action arbitrary and if not is the Newark ordinance a constitutional exercise of the granted power under the constitutional amendment? The ordinance has been held unconstitutional in *First Church, &c.,* v. *Newark,* this day decided, 127 *N. J. L.* 325.

The land is vacant and repeated efforts have failed to secure a lessee for other uses. The owner, Prudential Insurance Company, is deeply interested in Newark real estate. A false boom of twenty years ago resulted in hopes for office buildings and stores in the locality in question. Such are not needed. Ample space already exists for such needs. The new building appears to be advantageous. The common law rule of *sic utere tuo ut alienum non laedas* expressed the vision that a free people must change the use to which their property may be put.

The action of the Board of Adjustment was unreasonable. The permit should issue.

The action of the board will be reversed.